UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL INSURANCE COMPANY,
as Subrogee of HI MAINTENANCE, LLC,
a/k/a Hi Maintenance Charter Service, LLC,

    Plaintiffs,

vs.                                                          Case No.: 8:05-CV-2328-24MAP

MAN ENGINES & COMPONENTS, INC.,
MANN + HUMMEL GmbH, a foreign
corporation, COASTAL TOWING & MARINE
SERVICES, LLC d/b/a TOW BOAT/US OF
VENICE, MARR-I, INC. d/b/a SEA TOW OF
VENICE, I CAN DO TOWING, INC. d/b/a
SEA TOW SARASOTA and TAMPA BAY
MARINE TOWING & SERVICE, INC. d/b/a
SEA TOW SERVICES, TAMPA BAY,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Man Engines & Components, Inc.'s Motion to Compel Better Answers to Interrogatories and Production of Documents (doc. 96). Defendant also seeks to shorten Plaintiff's response time to its motion so it may receive and review Plaintiff's discovery responses before depositions begin on October 12, 2006.  Because I find Plaintiff's initial responses to the Defendant's discovery requests wholly inadequate, it is unnecessary to wait for Plaintiff's response to Defendant's motion.  Accordingly, after consideration, it is hereby

ORDERED:

1. Defendant's motion to compel (doc. 96) is GRANTED.  Plaintiff is directed to provide responses to interrogatories 4 and 11 and requests for production 1-15, 28-30, and 34 by October 10, 2006.  Should Plaintiff need to withhold any documents subject to privilege in response to

requests for production 1-15 or 34 (as it stated it may in its initial responses), Plaintiff should expressly describe the nature of the documents, communications, or things not produced in sufficient detail (without revealing it) so that the other side can assess these claims and prepare a privilege log that gives for each document: (1) a brief description or summary of the document sufficient to understand its context without revealing the contents; (2) the date it was prepared; (3) the name(s) of the person(s) who prepared the document and their position(s); (4) the person(s) to whom the document was directed or received, or for whom it was prepared, and their position(s); (5) the purpose for preparing the document; (6) the privilege asserted; and (7) the reasons that document purportedly satisfies the asserted privilege.

    2.  Defendant's requests for costs and attorney's fees and to shorten the Plaintiff's response time to the motion to compel are DENIED.

    IT IS SO ORDERED at Tampa, Florida, on October 6, 2006.

*[signature]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE