UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL INSURANCE COMPANY,
as Subrogee of HI MAINTENANCE, LLC,
a/k/a Hi Maintenance Charter Service, LLC,

    Plaintiffs,

vs.                                      Case No.: 8:05-CV-2328-24MAP

MAN ENGINES & COMPONENTS, INC.,
MANN + HUMMEL GmbH, a foreign
corporation, COASTAL TOWING & MARINE
SERVICES, LLC d/b/a TOW BOAT/US OF
VENICE, MARR-I, INC. d/b/a SEA TOW OF
VENICE, I CAN DO TOWING, INC. d/b/a
SEA TOW SARASOTA and TAMPA BAY
MARINE TOWING & SERVICE, INC. d/b/a
SEA TOW SERVICES, TAMPA BAY,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

      THIS CAUSE is before the Court on Plaintiff and Defendant Coastal Towing & Marine Services, LLC's Joint Motion for Voluntary Dismissal (doc. 136).  By the motion, Plaintiff agrees to dismiss with prejudice its claims against Defendant Coastal Towing & Marine Services, LLC (counts VII and VIII of Plaintiff's second amended complaint doc. 75) and Defendant Coastal Towing & Marine Services, LLC agrees to waive its claim for costs and any claim it may have for attorney fees.  Although the parties are not permitted to dismiss the Plaintiff's claims by stipulation under Fed.R.Civ.P. 41(a)(1) because Defendant Coastal Towing & Marine Services, LLC filed a motion for summary judgment and because other Defendants in this action do not stipulate to such dismissal, this Court may order dismissal of a claim upon motion by the parties pursuant to Fed.R.Civ.P. 41(a)(2).  Accordingly, after consideration, it is hereby

      RECOMMENDED:

    1.  that Plaintiff and Defendant Coastal Towing & Marine Services, LLC's Joint Motion for Voluntary Dismissal (doc. 136) be GRANTED.

    IT IS SO REPORTED at Tampa, Florida, on January 5, 2007.

                                                MARK A. PIZZO
                                               UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

    Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted, or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).

Copies furnished to:
The Hon. Susan C. Bucklew
Counsel of Record